Constance L. PETERMAN, Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY and General Motors Corporation, jointly and severally, Defendants.

No. 01–CV–74060–DT.

United States District Court,
E.D. Michigan,
Southern Division.

July 26, 2002.

John A. DeMarco, Lake Orion, MI, for Plaintiff.

Randolph D. Phifer, Nicole, Cooper & Clay, Detroit, MI, for Defendant.

### OPINION

DUGGAN, District Judge.

On or about October 3, 2001, Plaintiff filed this action in the Wayne County Cir-

---

cuit Court. The Complaint alleges Breach of Fiduciary Duty Negligent Supervision of Account against both Metropolitan Life Insurance Company (Metlife) and General Motors Corporation (GM).[1] Plaintiff seeks damages equal to the basic life insurance coverage provided under the General Motors Life and Disability Benefits Program (Plan) due to the death of her husband, a participant in the Plan. On October 25, 2001, Defendants removed the action to this Court based on federal question jurisdiction.

This matter is currently before the Court on Defendants' Motion to Dismiss or Alternatively, Defendants' Motion for Summary Judgment. For the reasons set forth below, the Court shall grant Defendants' Motion.

## STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted...." Fed.R.Civ.P. 12(b)(6). Under Rule 12(b)(6), the Court "must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995) (citations omitted).

## BACKGROUND

Plaintiff, Constance Peterman, is the widow of Gary Peterman. Gary Peterman, through his participation in the Plan, had both Basic Life Insurance (BLI) and Optional Life Insurance (OLI). Gary Peterman had originally designated Gregory Peterman as the beneficiary for both the

BLI and OLI. After his marriage to Plaintiff, he designated Plaintiff as the beneficiary of the OLI coverage on August 27, 1991.

Gary Peterman retired from GM in 1999. After retiring, he received a letter from "Retiree Servicing Center" stating his "Continuing Life Insurance" had "reduced to the ultimate amount of $72,695.00." (Compl.Ex. A). This amount reflected the BLI amount only.

Plaintiff's Complaint alleges that Gary Peterman "relied on the information provided to him in the February 15, 1999 letter when he made his final arrangements for his wife and estate after learning he had a terminal decease [sic] and had a short time to live." (Compl. at ¶ 7). The Complaint then states:

8. That the information provided in the February 15, 1999 letter was incorrect and only referenced one of the two life insurance policies that the deceased had with Defendants.

9. That as a direct result and proximate cause of the incorrect information provided to the Deceased he was under the mistaken belief that all of his life insurance was in the name of his wife, Plaintiff....

10. That as a direct result and proximate cause of this error CONSTANCE L. PETERMAN has been denied life insurance benefits of the Deceased that should and would have gone to her.

(Compl. at ¶¶ 8–10).

## DISCUSSION

Although Defendants have brought their Motion to dismiss or alternatively for summary judgment, Defendants' arguments

---

**1.** Plaintiff had originally also asserted a claim for breach of contract, which this Court dismissed on January 16, 2002. The remaining claim does not (directly) seek "benefits" under the Plan.

are based on whether Plaintiff may assert a breach of fiduciary duty claim, not that the facts of this case entitle Defendants to judgment as a matter of law. Therefore, the Motion will be dealt with as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## I. *Plaintiff's Claim:*

This action was originally brought in state court. Plaintiff's Complaint does not specifically assert a claim under ERISA. This Court, in ruling on Plaintiff's motion to remand, held that Plaintiff's claim is preempted by ERISA. Furthermore, in response to Defendants' Motion, Plaintiff asserts that she "can sue for relief under Section 1132(a)(3) of ERISA." (Pl.'s Resp. at 5). At the hearing held on this matter on July 1, 2002, Plaintiff's attorney asserted that Sections 1132(a)(3) and 404(a)(1) provide the basis for Plaintiff's cause of action. Section 404(a)(1) provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries . . . ." 29 U.S.C. § 1104(a)(1). Section 1132(a) provides the bases under which a participant or beneficiary may bring a civil action. *See* 29 U.S.C. § 1132(a). Therefore, the Court construes Plaintiff's claim as a claim under ERISA § 1132(a)(3).

## II. *Defendants' Motion to Dismiss:*

Defendants seek dismissal under three separate grounds: 1) a beneficiary cannot seek individual relief under ERISA § 1109 for breach of fiduciary duty; 2) Plaintiff does not have a claim under § 1132(a)(3) because she has a remedy in the form of a cause of action for benefits; and 3) Plaintiff cannot seek monetary damages under § 1132(a)(3).[2]

Defendants argue that under the Supreme Court's rulings in *Great–West Life & Annuity Ins. v. Knudson,* 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002) and *Mertens v. Hewitt Associates,* 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993), the monetary damages Plaintiff seeks are legal relief, not equitable relief, and therefore not cognizable under § 1132(a)(3). In *Great–West,* the Supreme Court explained its ruling in *Mertens* as follows:

> As we explained in *Mertens,* " '[e]quitable' relief must mean *something* less than *all* relief." Thus, in *Mertens* we rejected a reading of the statute that would extend the relief obtainable under § [1132(a)(3) ] to whatever relief a court of equity is empowered to provide in the particular case at issue (which could include legal remedies that would otherwise be beyond the scope of the equity court's authority). Such a reading, we said, would "limit the relief *not at all*" and "render the modifier ['equitable'] superfluous." Instead, we held that the term "equitable relief" in § [1132(a)(3) ] must refer to "those categories of relief that were *typically* available in equity . . . ."

> \*     \*     \*     \*     \*     \*

> "Almost invariably . . . suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." And "[m]oney damages are, of course, the classic form of *legal* relief."

---

**2.** Defendants' first ground for dismissal is moot because Plaintiff's claim is under § 1132(a)(3) not § 1109. Because the Court holds that Plaintiff may not pursue a claim for monetary damages under 1132(a)(3), Defendants' second ground for dismissal need not be discussed in this Opinion.

Nevertheless, petitioners, along with their *amicus* the United States, struggle to characterize the relief sought as "equitable" under the standard set by *Mertens*. We are not persuaded.

*Great–West*, 122 S.Ct. at 712–13 (citations omitted)(emphasis in original).

In the case at bar, Plaintiff asserts that her claim is "for a breach of fiduciary duty to an individual plan participant and the most appropriate and direct remedy is for compensatory damages." (Pl.'s Resp. at 12). Even before the Supreme Court's decision in *Great–West*, the Sixth Circuit, applying the Supreme Court's decision in *Mertens*, stated "[b]ecause money damages are 'the classic form of *legal* relief,' § 1132(a)(3) *does not authorize suits for compensatory* ... damages." [3] *Allinder v. Inter–City Products Corp.*, 152 F.3d 544, 552 (6th Cir.1998). Therefore, because Plaintiff is seeking compensatory damages pursuant to § 1132(a)(3) for Defendants' alleged breach of fiduciary duty, her claim must be dismissed as a matter of law.

### III. *Plaintiff's Response and Court's Previous Order:*

■ The parties in this action were parties to a previous interpleader action in this Court. The Court dismissed the interpleader action on September 13, 2001. In that Order, this Court stated:

It is further ordered that Defendant Constance Peterman shall be entitled *to file* a separate action against Plaintiff consistent with that advanced in Count I of the proposed Counter-claim attached as Exhibit A, specifically excluding any Breach of Contract action.

(9/13/01 Order at 2)(emphasis added). In regard to this Order of the Court, Plaintiff states in her "Reply" to Defendants' current Motion:

It is clear that all parties to the interpleader action, including MetLife, understood that the contract claims for benefits only resolved those claims as between Gregory C. Peterman and Constance L. Peterman, and that the sole remaining matter to be decided was Plaintiff, Constance L. Peterman's claim that he [sic] suffered loss as a result of the clear error in the February 15, 1999, letter.

If not for the understanding that Plaintiff, herein could pursue further action Plaintiff would *never* had [sic] agreed to settle the interpleader action.

(Pl.'s Resp. at 4)(emphasis in original).

In this case, the parties and the Court, pursuant to Order, reserved to

---

**3.** Plaintiff contends that the cases relied upon by Defendants are cases in which the ruling "turned in part on the fact that an alternative remedy was available under ERISA." (Pl.'s Resp. at 9). In support of this, Plaintiff asserts that the Sixth Circuit in Allinder "held that individual plan participants can now bring suit under ERISA § [1132](a)(1)(B) and, therefore, the relief sought was not 'appropriate equitable relief' within the meaning of the statute." (Pl.'s Resp. at 10–11). Plaintiff does not cite any part of the opinion to support her assertion. The court in *Allinder* did not find an alternative remedy existed under ERISA for the plaintiff in that case. In fact, the court stated:

"In this way, the combination [of the employee's] state cause of action [being]

preempted by ERISA even while *ERISA denies him any alternative remedy* ... is disappointingly pernicious to the very goal and desires that motivated Congress to enact [ERISA] in the first place."

Constrained as we are by both ERISA's statutory provisions and the Supreme Court's construction of that language, this case provides no opportunity for us to redress the problems that employees face when pursuing a remedy under ERISA for any employer's or insurer's misdeeds beyond the recovery of the basic benefits to which they are entitled.

*Allinder*, 152 F.3d at 553 (emphasis added) (citations omitted)(brackets in original).

Plaintiff the right to sue in an individual capacity for compensatory damages due to a breach of fiduciary duty. The Defendants, as such, have effectively waived their right to file their motion to dismiss and their motion for summary judgment. There would seem to be no good policy reason why the terms of the Order should not be enforced.

(Pl.'s Resp. at 11). Plaintiff misconstrues this Court's previous Order. As the Order states, Plaintiff was "entitled *to file* a separate action...." (9/13/01 Order). The Court's Order did not make any legal rulings as to whether such a separate action would be a viable action as a matter of law. Furthermore, there is no indication in the Court's Order that Defendants' waived their right to file any dispositive motions once Plaintiff filed this separate action. Plaintiff's assertions regarding the Court's previous Order are without merit.

Plaintiff also states:

Further, the Order pursuant to which Plaintiff seeks to proceed was entered prior to the decision in *Great–West Life, supra.*

In the event, now, that the decision in *Great–West Life, supra* is found to preclude the compensatory remedy for a breach of fiduciary duty as contemplated by the Order, the Plaintiff requests that, upon a finding that a breach of duty occurred, either (1) the GM Plan fiduciaries be ordered to proceed in equity against Gregory C. Peterman for restitution and that any funds recovered be paid over to Plaintiff or (2) that the Order be vacated and the Interpleader action reinstated for a final determination as to whether the Plaintiff is entitled to the BLI benefits.

Given the circumstances of this case, Plaintiff is entitled to have her claim adjudicated and upon a showing of a loss resulting from a breach, Plaintiff should be entitled to the most appropriate and direct remedy for any breach.

(Pl.'s Resp. at 12).

The fact that the Order preceded the Supreme Court's decision in *Great–West* is not relevant. As stated above, the Supreme Court's decision in *Great–West* explained the Court's prior decision in *Mertens.* Furthermore, the Sixth Circuit, prior to *Great–West* and relying on *Mertens,* held that compensatory damages are not cognizable under § 1132(a)(3). *See Allinder, supra.* Therefore, the fact that Plaintiff's claim is not cognizable under § 1132(a)(3), under precedent set in this Circuit and by the Supreme Court prior to this Court's September 13, 2001, Order, does not call for this Court to vacate that Order and reinstate the Interpleader action or to find "that a breach of duty occurred," as requested by Plaintiff.

A Judgment consistent with this Opinion shall issue forthwith.